IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03199-CNS-CYC

ILENE WARREN-SCOTT,

Plaintiff,

v.

DILLON COMPANIES, LLC d/b/a King Soopers,
SEPTON DEVELOPMENT GROUP, LLC,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on October 30, 2026.**

Defendant Dillon Companies, LLC ("Dillon") moves to amend its answer to the plaintiff's amended complaint to assert cross-claims against co-defendant Septon Development Group, LLC ("Septon"). ECF No. 45. Because Dillon filed its original answer eight months ago, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Septon opposes, ECF No. 48, so only the latter clause could apply. "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), though a court may refuse leave on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

Septon's opposition is two-fold. First, it argues that Dillon failed to abide by D.C.COLO.LCivR 7.1(a)'s requirement that "[b]efore filing a motion," it "confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." The argument is well-taken. Dillon noted that it sent emails the day before and the day of filing its motion and tried to call on the day of its filing, ECF No. 45 at 1, but the emails apparently did not disclose the basis for the proposed cross-claims, and the phone call did not get through to Septon's counsel. *See* ECF No. 48 at 3. It is difficult to understand how such efforts offer more than lip service to the conferral requirement. Indeed, the Uniform Civil Practice Standards for Magistrate Judges in this Court make pellucid that "'good faith efforts' generally require meeting either face to face, over video conference, or by telephone, and not solely through email or written correspondence." D.C.COLO.MJ V.1. Though not strictly applicable to this motion, that standard illustrates the point of the conferral: it is to engage in a conversation about the legal issues contained in the motion, not simply to put the other side on notice that such a motion will be filed.

Thus, Dillon's arguments that Septon should have known about the disputes at issue in its cross-claims and that substantive motions require less conferral than discovery disputes, ECF No. 50-1 at 3, miss the point. The conferral requirement does not only obviate discovery disputes, and it does not vanish when the other side knows that an issue exists. Even on substantive motions, it can aid in focusing what comes before the Court, resulting in more efficient litigation — which, after all, is the very point of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. Here, for instance, a conversation that occurred beforehand may have allowed Septon to address the incorporation of other documents into the Agreement they assert makes the cross-claims futile, or it may have taken the wind out of the sails of that argument entirely and resulted in an unopposed motion to amend, which would obviate the need for this Order at all. Instead, the dispute, as presented, reads like an incomplete issue for resolution: Septon says the Agreement precludes Dillon's cross-claims, ECF No. 48 at 5–8, Dillon says that the Agreement is not the end of the story, ECF No. 50-1 at 5–8, and there the discussion ends without Septon having a chance to respond. A conversation beforehand could have resulted in more useful briefing to the Court.

Having said that, the motion will not be denied on that basis at this juncture. The only substantive objection that Septon makes to the amendment is futility and, on occasion, because the "futility argument seems to place the cart before the horse," it is "better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (Ebel, J.). So it is here: fuller briefing on the issue than is available on a motion to amend, *see id.*, will better sharpen the issue for the Court.

Accordingly, Dillon's Motion for Leave to Amend Its Answer to Plaintiff's Amended Complaint to Assert Crossclaims Against Co-Defendant Septon Development Group, LLC, ECF No. 45, is **GRANTED.** The Clerk of the Court is directed to accept ECF No. 45-1 for filing as Dillon's Amended Answer and Cross-Claim Complaint. It is further **ORDERED** that, on or before **November 6, 2026**, Dillon file "a copy of the proposed amended or supplemental pleading which strikes through (e.g., strikes through) the text to be deleted and underlines (e.g., underlines) the text to be added" in conformance with D.C.COLO.LCivR 15.1(b), which its motion lacks.